THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN 256535)
18881 Von Karman Ave., Ste. 850
Irvine, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Email: cameron@sethatlaw.com

Attorney for Plaintiff, Daniel Padilla

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PADILLA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDONDO BEACH, a governmental entity; JOSEPH HOFFMAN, in his individual capacity; BRIAN WEISS, in his individual capacity; RYAN HARRISON, in his individual capacity; SALVADOR GARCIA, in his individual capacity, and DOES 1 through 10,<br><br>Defendants. | Case No.: **2:17-cv-3660**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Unreasonable Search and Seizure- Excessive Force & Denial of Medical Care (42 U.S.C. § 1983)**<br><br>2. **Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**<br><br>3. **Conspiracy to Violate Civil Rights (42 U.S.C. §1983 & State)**<br><br>4. **Battery (State)**<br><br>5. **Negligence (State)**<br><br>6. **Failure to Train (42 U.S.C. § 1983)**<br><br>7. **Violation of Bane Act (Cal. Civ. Code §52.1)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff Daniel Padilla, for his complaint against Defendants City of Redondo Beach, Joseph Hoffman, Brian Weiss, Ryan Harrison, Salvador Garcia and DOES 1 through 10, and alleges as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the August 2, 2016 encounter between Defendants and Plaintiff.

## PARTIES

2. At all relevant times, Plaintiff was a resident of the County of Los Angeles, California.

3. At all relevant times, Defendant City of Redondo Beach ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants Joseph Hoffman, hereinafter referred to as "HOFFMAN", Brian Weiss hereinafter referred to as "WEISS", Ryan Harrison hereinafter referred to as "HARRISON", Salvador Garcia, hereinafter referred to as "GARCIA", DOES 1 through 5 ("DOE OFFICERS"), who were CITY's Police Officers, and DOES 6 through 10 ("DOE SUPERVISORS"), who were managerial, supervisorial, and policymaking employees of the CITY Police Department.

4. At all relevant times, Defendants DOE SUPERVISORS were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as Police Officers and with the complete authority and ratification of their principal, Defendant CITY.

5. At all times relevant, Defendants Joseph Hoffman, Brian Weiss, Ryan Harrison, Salvador Garcia and DOE OFFICERS, and DOE SUPERVISORS were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

6.  At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

7.  The true names of defendants DOES 1 through 10, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

8.  In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS, and DOE SUPERVISORS were acting on the implied and actual permission and consent of CITY.

**JURISDICTION AND VENUE**

9.  This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth Amendment of the United States Constitution, as well as by California state laws.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

10.  Venue is proper in this Court under 28 U.S.C. § 1391(b), because Plaintiff and Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Lawndale, County of Los Angeles, within the Central District of California.

11.  Pursuant to California Government Code § 910 et seq., a government Tort Claim was forwarded to the City of Redondo Beach on November 9, 2016. This tort claim was rejected by the City of Redondo Beach on November 15, 2016. According to G.C. §945, Plaintiff has 180 days from the date of rejection to file suit or until May 15, 2017.  Accordingly, Plaintiff filed the present lawsuit.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

12. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth herein.

13. On or about August 2, 2016, at approximately 9:30 a.m., PADILLA was on his way back to the Best Western Hotel where he had been staying in Lawndale, California.

14. Earlier that morning, Defendants, HOFFMAN, WEISS, HARRISON, and GARCIA, along with officers Theurer, and Sergeant Strosnider held a briefing, at a nearby parking lot, in order to conduct an arrest warrant on PADILLA. During said briefing, all officers were instructed to stop PADILLA no matter the cost. In fact, all defendants and non-defendants officers, all of whom had SWAT training were instructed to wear ballistic Helmets, and carry assault rifles such as "HK 416" automatic firearms in addition to shotguns, hand firearms and other artillery. The warrant previously signed by a judge did not condone the use of extreme lethal force to arrest PADILLA. However, defendants, some of whom had military tactical training, appeared to have been preparing for a small war.

15. After the briefing was conducted, defendants were notified that PADILLA, was on his way back to the hotel. Defendants then track him down, and follow him into the Best Western parking lot. They are driving in three police vehicles, with GARCIA and HARRISON in one car, Theurer and WEISS in another, and HOFFMAN riding by himself in his own vehicle.

16. Unbeknownst to him, PADILLA who was driving an SUV, is now followed by three police vehicles. At no time did any of the defendants turn any of the lights or sirens on. Defendants' tactics were to ambush Plaintiff and to "stop" him using any of the weaponry at their disposal.

17. Upon reaching three-quarter of the way into the parking lot, PADILLA, who is in his vehicle is now followed by all of the defendants' police vehicles.

18. As PADILLA tries to pull out of the parking lot, defendants' create a blockade using their vehicles to block the exit to the parking lot.

19. Before Plaintiff has any time to stop his vehicle, defendant HARRISON, without a warning, begins to fire his weapon at Plaintiff, through the windshield of his vehicle, while Plaintiff's vehicle was still moving. GARCIA then exits his vehicle, and in turn begins shooting his firearm simultaneously at Plaintiff. This sets off a chain reaction causing WEISS to discharge his assault rifle at Plaintiff, in response to the other two shooters, GARCIA and HARRISON.

20. These initial gunshots cause Plaintiff to be struck in the spinal cord resulting in an immediate loss of control and sensation in his legs. Due to his injury, PADILLA is now physically incapacitated and loses control over his vehicle.

21. PADILLA's vehicle is now facing HOFFMAN's but still moving forward at a low speed, and collides against HOFFMAN's vehicle. As soon as the collision take place, HOFFMAN, who had just heard the other three officers' gunshots and in reflex, begins to fire off his HK 416 at Plaintiff's vehicle, through his own car windshield, despite his uncertainty as to who is shooting at whom.

22. After his vehicle comes to a rest, HOFFMAN then exits his vehicle, with his weapon drawn, takes aim at PADILLA, and fires off several more rounds at PADILLA, after it was obvious to any lay person that PADILLA had sustained prior gunshot wounds and had been incapacitated.

23. All and all, Defendants WEISS, GARCIA, HARRISON, and HOFFMAN fired off approximately sixty eight (68) rounds at PADILLA, who was unarmed, physically incapacitated, and not posing any threat which would legitimately warrant the extreme level of force employed by these defendants.

24. As a result of the military style assault, PADILLA sustained seven (7) gunshot wounds, and both his vehicle and his body became riddled with bullets.

25. While defendants deployed their firearms, they did so with reckless but conscious disregard to the safety of bystanders and hotel patrons who were clearly at risk of being struck by stray bullets. In fact, several hotel guests were close enough to where the shooting took place that they literally had to "dodge" bullets in order to save their lives.

26. As a result of the incident, Plaintiff suffered from the following injuries including but not limited to paraplegia with complete loss of sensation, nerve and motor control from the mid torso downward, punctured lungs, liver laceration, left scapular body fracture, fracture of the shaft of left humerus, left sided rib fracture, T9-T10 vertebral body fracture, T8-T9 posterior element fracture with anterior displacement of bone fragments into the spinal canal resulting in cord compression, injury to T7-T10 thoracic spinal cord, interspinous ligament injuries at T6-T10 and L20-3.

27. At the time of the shooting, PADILLA was unarmed, was not reaching for any weapon, and was unable to comply due to the incapacitating gunshot wounds to his spinal cord.

28. At the time of the shooting, based on their training and experience, defendants knew better than to shoot at a moving vehicle. In fact, such use of force is against the policy and procedure of the Redondo Beach Police department which advise against both shooting from and shooting at a moving vehicle. Shooting at a moving vehicle is rarely effective.

29. The Redondo Beach Police "shooting-at-a-moving-vehicle" policy was designed to prevent the present type of vehicle collision; in other words, it was designed to prevent a dangerous situation created by an out-of-control moving vehicle due to the driver becoming incapacitated from a gunshot wound.

30. At the time of the shooting, PADILLA did nothing to justify the defendants' acts of excessive force upon him. The defendants knew, or should have known, that PADILLA had not committed a violent crime, nor posed an immediate threat to the public or the defendant officers. PADILLA did nothing to provoke the shooting.

31. The defendants knew, or should have known, that there was no probable cause to shoot PADILLA.

32. PADILLA was deprived of his interests protected by the Constitution or laws of the United States, and defendants caused all such deprivations while acting under color of state law.

33. All acts or omissions alleged to have been engaged by any individual defendants were committed with evil motive and intent, and in callous, reckless, and wanton disregard to the individual rights of PADILLA.

## FIRST CLAIM FOR RELIEF
**Unreasonable Search and Seizure-Excessive Force (42 U.S.C. § 1983)**
**(Against Defendants WEISS, HARISSON, HOFFMAN, GARCIA, and DOES 1-5 )**

34. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1, and 12 through 33 of this Complaint with the same force and effect as if fully set forth herein.

35. The unreasonable and excessive use of force by WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5, including shooting their rifles at PADILLA, deprived him of his right to be secure in their person against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

36. All unreasonable seizures that preceded the shooting constituted reckless and intentional escalations of the situation which directly led to the

shooting, therefore rendering the aforementioned defendants liable under an excessive escalation theory.

37. WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 are liable because they were integral participants in these violations, or failed to intervene to prevent these violations.

38. As a result, PADILLA suffered extreme pain and suffering, incurred medical expenses, and eventually loss of quality and the enjoyment of his life by being rendered a paraplegic, and incurred and will incur medical expenses for the care necessitated as a paraplegic.

39. The conduct of WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for PADILLA'S rights and safety and therefore warrants the imposition of exemplary and punitive damages.

40. Plaintiff seeks general, compensatory and punitive damages under this claim.

## SECOND CLAIM FOR RELIEF
**Municipal Liability for Unconstitutional Custom/Policy/Practice (42 U.S.C. § 1983)**
**(Against Defendants CITY and DOES 6-10)**

41. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1, and 12 through 33 of this Complaint with the same force and effect as if fully set forth herein

42. On and for some time prior to August 2, 2016 (and continuing to the present date) Defendants CITY and DOES 6-10 also referred to as DOE SUPERVISORS, deprived Plaintiff the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of

PADILLA, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of:

    (a) Employing and retaining as Police Officers and other personnel, including Defendants WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5, who Defendants CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies and for using excessive force;

    (b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other CITY personnel, including Defendants DOES 1-5, who Defendants CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOES 1-5, who are CITY Police Officers;

    (d) By having and maintaining an unconstitutional custom and practice of using excessive force, and covering up police misconduct. These customs and practices by CITY and DOE SUPERVISORS were condoned by said defendants in deliberate indifference to the safety and rights of its civilian, including Plaintiff.

43.     By reason of the aforementioned policies and practices of Defendants CITY and DOE SUPERVISORS, Plaintiff has suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

44.     Defendants CITY and DOE SUPERVISORS, together with various"

other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

45. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard for the well-being of Plaintiffs and their constitutional as well as human rights. Defendants CITY and DOE SUPERVISORS and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

46. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY and DOE SUPERVISORS were affirmatively linked to and were a significantly influential force behind the Plaintiffs injuries.

47. Accordingly, Defendants CITY and DOE SUPERVISORS each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF
**Conspiracy to Violate Civil Rights (42 U.S.C. § 1983)**
**(Against Defendants WEISS, HARISSON, HOFFMAN, GARCIA, and DOES 1-5 )**

48. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1, and 12 through 33 of this Complaint with the same force and effect as if fully set forth herein

49. During the course of this incident, Defendants conspired to and in

fact did deprive PADILLA of his right to be free from state actions that shock the conscience, as guaranteed by the Fourteenth and Fourth Amendment. This conspiracy took place during the briefing meeting whereby defendants mutually decide they would use excessive force to stop PADILLA, said decision evidenced by the high powered munitions the defendants had armed themselves with prior to the incident.

50. All rights of PADILLA as set forth, were violated by defendants' use of excessive force, and cover-up, as more specifically set forth.

51. On information and belief, Defendants agreed and conspired, and shared the same conspiratorial objective with each other to use any type of force, including excessive force, without justified probable cause, and covered up their misdeeds in violation of his constitutional rights.

52. As a proximate result of Defendants' conspiracy to violate PADILLA's constitutional rights, he suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

53. The conduct of DOE Defendants was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of the Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10 and they are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

### FOURTH CLAIM FOR RELIEF
### BATTERY
### (Against Defendants WEISS, HARISSON, HOFFMAN, GARCIA, and DOES 1-5 )

54. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1, and 12 through 33 of this Complaint with the same force and effect as if fully set forth herein

Case 2:17-cv-03660-JAK-AS   Document 1   Filed 05/15/17   Page 12 of 17   Page ID #:12

55. WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally used force against PADILLA, including but not limited to shooting him with multiple high powered automatic assault rifles. WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 had no legal justification for using force against PADILLA, and their use of force while carrying out their police duties was unreasonable.

56. Plaintiff suffered harm, as a direct and proximate result of the conduct of WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 as alleged above.

57. CITY is vicariously liable for the wrongful acts of WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

58. The conducts of WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's rights, entitling Plaintiff to an award of exemplary and punitive damages.

59. Plaintiff also seeks general and special damages under this claim.

**FIFTH CLAIM FOR RELIEF**
**NEGLIGENCE**
**(Against Defendants WEISS, HARISSON, HOFFMAN, GARCIA, and DOES 1-5 )**

60. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1, and 12 through 33 of this Complaint with the same force and effect as if fully set forth herein

61. The actions and inactions of CITY employees, including WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 were negligent and reckless, including but not limited to: (a) the failure to properly and adequately assess the need to detain, arrest, and use force against PADILLA; (b) the failure to monitor and record any use of force by CITY Police Officers, including WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5; (c) the failure to monitor and record any injuries specifically caused by the use of force by CITY Police Officers, including WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5; (d) the negligent tactics and handling of the incident; (e) the negligent detention, arrest, and use of force against PADILLA; (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect PADILLA's rights; (g) the negligent handling of evidence and witnesses; and (h) the negligent communication of information during the incident.

62. Plaintiff suffered harm, as a direct and proximate result of CITY employees' conduct as alleged above.

63. CITY is vicariously liable for the wrongful acts of its employees, including WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

64. The conduct of CITY employees, including WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

65. Plaintiff also seeks general and special damages under this claim.

# SIXTH CLAIM FOR RELIEF
**(Failure to Train (42 U.S.C. § 1983)**
**(Against Defendant CITY and Does 6 through 10)**

66. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1, and 12 through 33 of this Complaint with the same force and effect as if fully set forth herein

67. Defendants CITY and DOE supervisors possessed the power and authority to hire and fire employees of the CITY Police Department and based upon information and belief and negligently hired defendants and Does 1 through 10 as police officers, entrusted them with the following duties: protect citizens, conduct reasonable investigations based upon reasonable beliefs that persons have been harmed, or property has been stolen or destroyed, and cause persons who commit crimes on property to be arrested.

68. By virtue of the foregoing, defendants owed Plaintiff a duty of due care, and that duty was breached by defendants' negligent and careless manner in hiring, training, supervising and retaining by, among other things: a) Failing to adequately train its officers in the use of force, as well as constitutional limitations in the use of force; b) Failing to adequately train its officers in identifying a person that presents a threat of force or violence, as opposed to one that does not; c) Failing to adequately investigate background, training and experience as a officer and his propensity for violence; d) Failing to provide adequate supervisory control over the actions of its officers in regard to adequate training, supervision, equipment, planning, oversight, and administration; e) Failing to control the conduct of its officers who have a known propensity for violence and in failing to discipline its officers; f) Failing to investigate in good faith, allegations of excessive and unreasonable use of force by its officers; g) Failing to discipline its officers who use excessive and unreasonable force; and; h) Sanctioning, condoning and approving a law

enforcement-wide custom and practice of a code of silence, cover-up and dishonesty. f) As a direct and proximate cause of the aforementioned acts of defendants, plaintiff was injured as set forth above and are entitled to compensatory damages according to proof at the time of trial.

69. By reason of the aforementioned policies and practices of Defendants CITY and DOES 6 through 10, inclusive, Plaintiff REYES seeks general and special damages under this claim.

### SEVENTH CLAIM FOR RELIEF
### Violation of Bane Act (Cal. Civ. Cod 52.1
### (Against Defendants WEISS, HARISSON, HOFFMAN, GARCIA, and DOES 1-5 )

70. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1, and 12 through 33 of this Complaint with the same force and effect as if fully set forth herein

71. WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 attempted to interfere with and did interfere with PADILLA's rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, by threatening and committing violent acts.

72. PADILLA reasonably believed that if he exercised his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 would commit violence against him.

73. WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 injured PADILLA to prevent him from exercising his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, and retaliate against him for having exercised his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure.

74.     The conduct of WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 was a substantial factor in causing harm to PADILLA.

75.     CITY is vicariously liable for the wrongful acts of WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76.     The conduct of WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

77.     Plaintiff also seeks general and special damages under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request entry of judgment in his favor and against Defendants CITY, WEISS, HARISSON, GARCIA AND HOFFMAN and DOES 1 through 10, inclusive, as follows:

1. For compensatory damages, including both general and special damages under federal and state law, in an amount to be proven at trial in excess of $15,000,000;
2. For punitive damages against the individual defendants in an amount to be proven at trial;
3. For interest;
4. For reasonable costs of this suit and attorneys' fees; and
5. For such further other relief as the Court may deem just, proper, and appropriate.

DATE: May 15, 2017             THE SEHAT LAW FIRM, PLC


                               By: */s/ Cameron Sehat*
                                  Attorney for Plaintiff


**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.


DATE: May 15, 2017             THE SEHAT LAW FIRM, PLC


                               By: */s/ Cameron Sehat*
                                  Attorney for Plaintiff